## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cr-0045** |
| | ) | |
| **RAMONA RIVERA LUNA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

**BEFORE THE COURT** is the motion of the United States to continue the trial in this matter, currently scheduled to commence on February 8, 2021, and exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A). (ECF No. 28.) For the reasons stated herein, the time to try this case is extended up to and including May 24, 2021.

This matter commenced on October 31, 2020, when a criminal complaint was filed against Ramona Rivera Luna ("Rivera Luna") charging her with alien harboring and importation for immoral purposes.

On December 4, 2020, a federal grand jury returned a twenty two count indictment against Rivera Luna charging her with six counts of transportation for prostitution in violation of 18 U.S.C. §§ 2421 and 2, seven counts of bringing illegal aliens to the United States for financial gain in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (a)(1)(A)(v)(II), and nine counts of alien harboring for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(B)(i). At the arraignment, the trial was scheduled to commence on February 8, 2021.

On January 20, 2021, the United States filed a motion to continue the trial date and exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A). (ECF No. 28.) In its motion, the United States asserts that a continuance is necessary to allow time to analyze the voluminous amounts of electronic discovery in this matter. *Id.* at 3. Specifically, the United States asserts that "[t]he evidence collected includes copies of eleven separate cellphones belonging to Spanish-speaking individuals . . . identified as victims" in this matter. *Id.* at 2. "Spanish-speaking agents have been directed to review the contents of the phones" with "[t]he initial

review . . . on-going, with thousands of pages already requested for translation." *Id.* The United States argues that "conducting an exhaustive review of these messages is time-consuming, even with multiple agents assigned to this task." *Id.* Further, the United States asserts that it obtained copies of two of Rivera Luna's cell phones for which "on-going review . . . is likewise time-consuming, with the combined contents of the two phones exceeding 50 gigabytes of material." *Id.* at 3. Given the amount of discovery in this matter, the United States argues that failure to grant a continuance would unreasonably deny the attorney for the Government the reasonable time necessary for effective preparation. *Id.* As such, the United States requests that the Court grant a continuance under 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii), and/or (B)(iv).

On January 27, 2021, Rivera Luna filed an opposition to the United States' motion. (ECF No. 33). In her opposition, Rivera Luna argues that the United States has failed to exercise due diligence. *Id.* at 1-7. As such, Rivera Luna argues that the Court must deny the United States' motion pursuant to 18 U.S.C. § 3161(h)(7)(C). *Id.* at 7.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that defendants be tried within seventy days of indictment. Nevertheless, pursuant to 18 U.S.C. § 3161(h)(7)(A), a Court may exclude a period of delay in computing the time within which the trial of an offense must commence if the Court grants a continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors a judge must consider in determining whether to grant such a continuance include

> . . .
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section[;] [and]
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel

for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). Significantly, "[n]o continuance under subparagraph (A) . . . shall be granted because of . . . lack of diligent preparation . . . on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

Here, the United States has asserted that it is reviewing over 50 gigabytes of material from Rivera Luna's cell phones alone. In addition, the United States is reviewing evidence from eleven other cell phones. Over 50 gigabytes of data is a great deal of information, and it will be difficult for all parties, not just the United States, to meaningfully review this amount of discovery before the current trial date.[1] In addition to the size of the discovery in this matter, large portions of the discovery are in the Spanish language and must be translated to English. This adds to the amount of time reasonably necessary to effectively prepare for trial. Given these circumstances, the Court finds that a failure to grant a continuance in this case would deny the attorney for the Government the reasonable time necessary for effective preparation.

The Court further concludes that the record does not demonstrate any lack of diligence on the part of the Government. While Rivera Luna seems to argue that the United States must have all evidence prepared prior to charging a defendant, she cites no authority for this proposition. Nor is the Court aware of any such authority. *Cf. United States v. Villarreal*, 707 F.3d 942 (8th Cir. 2013) (finding no lack of diligence by the Government where it submitted evidence for DNA testing 48 days after a grand jury returned an indictment against the defendant). As such, 18 U.S.C. § 3161(h)(7)(C) does not preclude the Court from granting a continuance under 18 U.S.C. § 3161(h)(7)(A).[2] Thus, while the Speedy

---

[1] By a conservative estimate, there are approximately one to three million pages in 50 gigabytes of data. *See* LexisNexis, *How Many Pages in a Gigabyte*, https://www.lexisnexis.com/applieddiscovery/lawlibrary/ whitepapers/adi_fs_pagesinagigabyte.pdf (last visited Feb. 1, 2021)(estimating 64,782 pages/gigabyte for word files and 15,477 pages/gigabyte for image files).

[2] Rivera Luna cites two cases from this Court—*United States v. Mcintosh*, No. CR 2015-0027, 2016 WL 4581407 (D.V.I. Aug. 31, 2016) and *United States v. Watts*, 47 V.I. 562 (D.V.I. Oct. 3, 2005)—in support of her argument that the Government has not diligently prepared for trial in this matter. Those cases are inapposite. In *Watts*, the Court dismissed the indictment without prejudice for Speedy Trial violations after finding that certain time was non-excludable because the Court had granted an 18 U.S.C. § 3161(h)(7)(A) continuance without making any ends-of-justice findings. *See Watts*, 47 V.I. at 568-70; *see also United States v. Reese*, 917 F.3d 177, 184 (3d

Trial Act requires that Rivera Luna be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice so that the parties may meaningfully review the extensive electronic discovery in this matter.

In addition, the Court specifically finds that further extending this period would be in the best interest of justice due to the continuing need to protect the well-being of the defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large from the COVID-19 pandemic.

Indeed, on March 17, 2020, the Chief Judge of the District Court of the Virgin Islands entered a general order responding to the COVID-19 pandemic. The Chief Judge noted that the pandemic had been declared a national emergency and a public health emergency by the President of the United States. The Chief Judge also noted that the Governor of the Virgin Islands had declared a state of emergency. The Chief Judge found it necessary to "take reasonable and prudent actions" "in order to further public health and safety, and the health and safety of Court personnel, counsel, litigants, other case participants, jurors, persons with other business at the courthouse, and the general public." *Mar. 17, 2020, Order Concerning Operations of the District Court of the Virgin Islands During the COVID-19 Outbreak* at 1-2 *(Mar. 17, 2020)*, https://www.vid.uscourts.gov/sites/vid/files/general-ordes/CoronaVirus OperationsOrder.pdf.

Among other precautionary measures, the Chief Judge continued all criminal trials scheduled from March 18, 2020, through April 16, 2020. The Chief Judge found that the ends

---

Cir. 2019) ("When a district court enters a continuance order without either stating the factual basis for excluding time under the Act or using language that invokes it (the latter of which allows a later factual explanation), the delay caused by the continuance is not excluded and the district court cannot exclude the time in hindsight."). Significantly, the Court's decision in *Watts* contained no analysis of 18 U.S.C. § 3161(h)(7)(C). In *Mcintosh*, the Court denied the Government's motion to continue the trial on account of the Government's lack of due diligence in that case. *See Mcintosh*, No. CR 2015-0027, 2016 WL 4581407 at *3. Significantly, the Court's finding in *Mcintosh* was based on factual circumstances clearly distinguishable from the facts in this case. In *Mcintosh*, the United States moved to continue the trial on the grounds that the Government needed additional time to adequately prepare for trial because a new Assistant United States Attorney ("AUSA") had been assigned to the case after the previous AUSA assigned to the case had left the office. *Id.* The new AUSA did not enter an appearance until more than six weeks after the departure of prior counsel. *Id.* Further, the case had been pending for more than eleven months. *Id.* The Court found that "there was more than ample time to reassign th[e] case so as to avoid any undue interruption in the proceedings" and, given the foregoing, that the Government's actions reflected a lack of diligent preparation. *Id.*

*United States v. Rivera Luna*
Case No. 3:20-cr-0045
Order
Page 5 of 7

of justice required excluding March 18, 2020, through April 16, 2020, from the Speedy Trial

count in all criminal matters.

> Such exclusion is necessary as to any cases scheduled for trial during the
> March 18, 2020[,] through April 16, 2020[,] period in order to assure that
> there is a full, unhindered, continuously serving jury venire and seated
> jury in every case, which is central to the sound administration of justice.
> Such exclusion of time is also necessary in cases that are set for trial
> outside of the March 18, 2020[,] through April 16, 2020[,] time period, as
> well as cases that are not yet set for trial, in order to address the
> reasonably anticipated difficulties in defense counsel communicating or
> visiting with clients; the difficulties that the parties are likely to face in
> undertaking all of the tasks necessary to fully prepare for trial; and the
> inherent delay in the scheduling of further trials as a consequence of the
> exclusion period herein.

*Id.* at 2-3. The Chief Judge has since extended the general order nine times, excluding March

18, 2020, through February 16, 2021, from the Speedy Trial count in all criminal matters.

Since the Chief Judge entered the general order, the crisis in the U.S. Virgin Islands

and the United States in general has intensified. On March 17, 2020, there were

approximately 7,000 confirmed cases in the United States, two of which were in the U.S.

Virgin Islands. As of the date of this Order, there are over 26,200,000 confirmed cases in the

United States, 2421 of which are in the U.S. Virgin Islands. The virus has claimed over

441,000 lives in the United States and 24 in the U.S. Virgin Islands. The number of cases and

deaths continues to rise rapidly.

Recognizing the gravity of the situation, Congress passed an unprecedented financial

assistance package, the CARES Act, on March 27, 2020. The Act was signed into law by the

President of the United States that same day. Among its many provisions, the CARES Act

authorizes district courts to use teleconferencing to hold felony plea hearings and felony

sentencing hearings under appropriate circumstances. *See* CARES Act, Pub. L. No. 116-136,

§ 15002(b)(2) (2020).

Moreover, recognizing the severity of the public health crisis presented by COVID-19,

Virgin Islands Governor Albert Bryan declared a state of emergency for the Virgin Islands in

March 2020. In a series of executive orders in March and April of 2020, Governor Bryan

instituted a number of precautionary and preventative measures that significantly curtailed

economic and local governmental operations. Over the next several months, the rate of new positive COVID-19 cases in the Virgin Islands decreased significantly. As a result, Governor Bryan loosened the previously ordered restrictions. However, beginning in July, the Virgin Islands began to see a dramatic uptick in new positive COVID-19 cases. On August 13, 2020, Governor Bryan issued an executive order effecting a return to all the previously imposed restrictions on economic and local governmental operations along with additional restrictions (the "Stay-at-Home Phase"). Among other measures, Governor Bryan ordered all nonessential businesses to close, all nonessential public workers to stay home, all establishments—except for grocery and 'big-box' stores—to limit occupancy to no more than ten people, and all schools and churches to close. In imposing such restrictions, Governor Bryan emphasized that these measures are necessary to curtail the rapidly increasing spread of COVID-19 in the Virgin Islands. Thereafter, on September 8, September 15, and September 30, 2020, Governor Bryan issued additional executive orders which provided for certain new restrictions while relaxing other restrictions, moving the Territory from the "Stay-at-Home Phase" to the Territory's "Safer-at-Home Phase."

These restrictions saw some success in reducing the rate of new positive COVID-19 cases in the territory for some amount of time. Indeed, from September 30, 2020, to October 31, 2020, the total positive COVID-19 cases rose from 1323 to 1378—an average of 1.83 new cases per day for the month—and from October 31, 2020 to November 30, 2020, the total positive COVID-19 cases rose from 1378 to 1550—an average of 5.73 new cases per day for the month. *See Virgin Islands Department of Health COVID19 Report*, https://www.covid19 usvi.com/covid19-report (last visited December 15, 2020). However, the rate of new positive COVID-19 cases in the territory increased dramatically at the beginning of December. Indeed, from November 30, 2020, to December 14, 2020, the total positive COVID-19 cases rose from 1550 to 1828—an average of 19.9 new cases per day over that two-week period. *Id.*

From December 14, 2020, to January 30, 2021, the total positive COVID-19 cases in the Territory have risen from 1828 to 2421—an average of 12.6 new cases per day. As a result of this continuing surge in new cases, on January 15, 2021, the Chief Judge issued the

Seventeenth Order Concerning Operations of the District Court of the Virgin Islands during the COVID-19 Outbreak. That order continued all trials from January 16, 2021, through February 16, 2021 pending further order of the Court.

Thus, while the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that further extending this period would be in the best interest of justice. COVID-19 continues to present an unpredictable threat to public health and safety. In light of these circumstances, the Court finds it necessary and appropriate to proceed with caution. Social distancing—specifically avoiding gatherings of more than 10 people and maintaining a distance of at least 6 feet from others—remains the most effective check against the COVID-19's transmission. Given the continuing dire circumstances faced by the U.S. Virgin Islands and the United States as a whole, the Court finds that a greater extension of time is necessary for the protection and well-being of the defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby,

**ORDERED** that the motion of the United States, ECF No. 28, to continue the trial in this matter is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through May 24, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the trial in this matter previously scheduled for February 8, 2021, is **RESCHEDULED** to commence promptly at 9:00 A.M. on May 24, 2021, in St. Thomas Courtroom 1.

**Dated:** February 1, 2021

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**