IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0045 |
| ) | |
| **RAMONA RIVERA LUNA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

  **BEFORE THE COURT** is the motion of the United States to continue the trial in this matter, currently scheduled to commence on May 24, 2021, and exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A). (ECF No. 42.) For the reasons stated herein, the time to try this case is extended up to and including August 2, 2021.

  This matter commenced on October 31, 2020, when a criminal complaint was filed against Ramona Rivera Luna ("Rivera Luna") charging her with alien harboring and importation for immoral purposes.

  On December 4, 2020, a federal grand jury returned a twenty two count indictment against Rivera Luna charging her with six counts of transportation for prostitution in violation of 18 U.S.C. §§ 2421 and 2, seven counts of bringing illegal aliens to the United States for financial gain in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (a)(1)(A)(v)(II), and nine counts of alien harboring for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(B)(i). The trial is currently scheduled to commence May 24, 2021.

  On May 7, 2021, the United States filed a motion to continue the trial date and exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A). (ECF No. 42.) In its motion, the United States asserts that a continuance is necessary to allow time to redact the translations from the cell phone evidence in this matter and provide such translations to Rivera Luna. *Id.* at 1. Specifically, the United States asserts that "[o]n or about April 30, 2021, the [United States] received a batch of translations from the cellphone evidence in this case that amounts to approximately 129 MB of data, which, in turn, is the equivalent to about 32,250 single-spaced

pages." *Id.* Given these circumstances, the United States argues that failure to grant a continuance would unreasonably deny the attorney for the Government the reasonable time necessary for effective preparation, "including the time necessary for the Government to be able to conduct a review of its evidence for Rule 16, Brady, and Giglio material." *Id.* at 2. As such, the United States requests that the Court grant a continuance under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that defendants be tried within seventy days of indictment. Nevertheless, pursuant to 18 U.S.C. § 3161(h)(7)(A), a Court may exclude a period of delay in computing the time within which the trial of an offense must commence if the Court grants a continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors a judge must consider in determining whether to grant such a continuance include

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). Significantly, "[n]o continuance under subparagraph (A) . . . shall be granted because of . . . lack of diligent preparation . . . on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

Here, the United States has asserted that it is presently redacting translations produced from approximately 129 megabytes of cell phones messages. Once this redaction is completed and the translations are provided, Rivera Luna will require time to meaningfully review this discovery before the current trial date. Given these circumstances, the Court finds that a failure to grant a continuance in this case would deny the attorney for the Government, and counsel for the defendant, the reasonable time necessary for effective preparation. The Court further concludes that the record does not demonstrate any lack of diligence on the part of the Government. Thus, while the Speedy Trial Act requires that Rivera Luna be tried within seventy days of indictment, the Court specifically finds that

extending this period would be in the best interest of justice so that the parties may meaningfully review the extensive electronic discovery in this matter.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see also United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation").

In addition, the Court specifically finds that further extending this period would be in the best interest of justice due to the continuing need to protect the well-being of the defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large from the COVID-19 pandemic.

Indeed, in response to the COVID-19 pandemic, the Chief Judge of the District Court of the Virgin Islands has entered a general order concerning operations of the Court. The Chief Judge has thus far extended the order twelve times, finding that the ends of justice require excluding March 18, 2020, through May 31, 2021, from the Speedy Trial count in all criminal matters.

To date, the COVID-19 virus has claimed more than 586,000 lives (27 of which have been in the U.S. Virgin Islands). Current testing indicates that the rate of contraction has remained low in recent weeks. Notwithstanding this, the Court finds that a continuance of the trial date in this case is in the best interest of justice. COVID-19 continues to present an unpredictable threat to public health and safety. In light of these circumstances, the Court finds it necessary and appropriate to proceed with caution. Social distancing—specifically avoiding gatherings of more than 10 people and maintaining a distance of at least 6 feet from

*United States v. Rivera Luna*
Case No. 3:20-cr-0045
Order
Page 4 of 4

others—remains the most effective check against the COVID-19's transmission. Given these circumstances, the Court finds that extending the period within which the Defendant may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby,

**ORDERED** that the motion of the United States, ECF No. 42, to continue the trial in this matter is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through August 2, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the trial in this matter previously scheduled for May 24, 2021, is **RESCHEDULED** to commence promptly at 9:30 A.M. on August 2, 2021, in St. Thomas Courtroom 1.

**Dated:** May 18, 2021                                       */s/ Robert A. Molloy*
                                                              **ROBERT A. MOLLOY**
                                                              **Chief Judge**