**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0045 |
| ) | |
| **RAMONA RIVERA LUNA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the is the joint motion of the United States and Ramona Rivera Luna ("Rivera Luna") to continue the August 2, 2021 trial in this matter. (ECF No. 56.) For the reasons stated herein, the time to try this case is extended up to and including November 29, 2021.

This matter commenced on October 31, 2020, when a criminal complaint was filed against Ramona Rivera Luna ("Rivera Luna") charging her with alien harboring and importation for immoral purposes.

On December 4, 2020, a federal grand jury returned a twenty-two count indictment against Rivera Luna charging her with six counts of transportation for prostitution in violation of 18 U.S.C. §§ 2421 and 2, seven counts of bringing illegal aliens to the United States for financial gain in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (a)(1)(A)(v)(II), and nine counts of alien harboring for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(B)(i). The trial is currently scheduled to commence August 2, 2021.

On July 22, 2021, the United States and Rivera Luna filed a joint motion to continue the trial date. (ECF No. 56.) As a basis for their request, the United States and Rivera Luna assert that the United States has extended a plea agreement to Rivera Luna which calculates a sentencing guidelines range similarly to another case currently pending sentencing before this Court. *Id.* at 1. The parties assert that in the other case, the U.S. Office of Probation has calculated a vastly different guideline range than that calculated in the plea agreement— based on a different interpretation of a relevant sentencing provision. *Id.* The parties further

assert that "[g]iven the dramatic difference between the two ranges, [Rivera Luna] wishes to wait to make any determination" as to whether she will enter into the plea agreement until after the Court addresses the interpretation of the relevant sentencing provision at the sentencing in the other case. *Id.* at 2. As such, the parties request that the Court continue the sentencing to a date after November 22, 2021, in order to (1) give Ramona Luna the opportunity to properly assess the offered plea agreement and (2) provide the United States with sufficient time to arrange for its witnesses to travel to St. Thomas should Rivera Luna decide to reject the plea agreement. *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Rivera Luna time to properly evaluate the plea agreement offered by the United States in this matter.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *Fields*, 39 F.3d at 445 (explaining that there is "no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue"); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused

*United States v. Rivera Luna*
Case No. 3:20-cr-0045
Order
Page 3 of 3

by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

    The premises considered, it is hereby

    **ORDERED** that the joint motion of the United States and Rivera Luna to continue the trial in this matter, ECF No. 56, is **GRANTED**; it is further

    **ORDERED** that the time beginning from the date of this order granting an extension through November 29, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

    **ORDERED** that the trial in this matter previously scheduled for August 2, 2021, is **RESCHEDULED** to commence promptly at 9:30 A.M. on November 29, 2021, in St. Thomas Courtroom 1 before Chief Judge Robert A. Molloy; and it is further

    **ORDERED** that the motion of the United States, ECF No. 51, for reconsideration of the June 15, 2021 order denying its motion to continue is **MOOT**.


**Dated:** July 23, 2021                        */s/ Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **Chief Judge**